*Lagueux v. Bridgeport Hospital*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

_____

MICHAEL J. LAGUEUX,

        *Plaintiff-Appellant,*                18-2677

        v.

BRIDGEPORT HOSPITAL,

        *Defendant-Appellee.*[*]

_____

_____

[*] The Clerk of Court is directed to amend the caption as set out above.

1

**FOR PLAINTIFF-APPELLANT:**          Michael J. Lagueux, *pro se*, Piedmont, SC.

**FOR DEFENDANT-APPELLEE:**          Michael N. LaVelle, Pullman & Comley, LLC, Bridgeport, CT.

Appeal from an August 31, 2018 judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Michael J. Lagueux ("Lagueux"), proceeding *pro se*, sued Bridgeport Hospital (the "Hospital"), Bridgeport Hospital School of Nursing, and Griffin Hospital under Title IX of the Education Amendments of 1972 (20 U.S.C. §§ 1681 et seq.), alleging discrimination in connection with his dismissal from the School of Nursing and his denial for readmission. After dismissing all parties other than the Hospital, the District Court conducted a four-day bench trial in January 2018. The District Court awarded judgment to the Hospital. Lagueux appealed, arguing that the District Court erred with respect to a single finding of fact. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). Nevertheless, despite this latitude, "we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Here, Lagueux's only argument on appeal is "that the Trial Court made an honest mistake when it rendered a finding of fact that the Appellant was overly eager to substitute his lack of judgment for that of his clinical instructors." Reply Br. Appellant 3. Because "we need not manufacture claims of error for an appellant proceeding *pro se*," *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995), the propriety of that finding of fact is the only issue on appeal.

We review a district court's findings of fact after a bench trial for clear error. *See Principal Nat'l Life Ins. Co. v. Coassin*, 884 F.3d 130, 134 (2d Cir. 2018). Here, the "finding of fact" to which Lagueux objects appears to be the District Court's characterization of an episode where Lagueux disagreed with his instructor regarding the use of a particular syringe. App'x 35. We conclude that the District Court's description of this episode is firmly based on witness testimony. *See* App'x 641, 720-21. As we do not generally "second-guess either the trial court's credibility assessments or its choice between permissible competing inferences," *Ceraso v. Motiva Enters., LLC*, 326 F.3d 303, 316 (2d Cir. 2003), we find no clear error here.

Moreover, even a finding of clear error "will not warrant reversal if it is harmless." *Latsis v. Chandris, Inc.*, 20 F.3d 45, 50 (2d Cir. 1994). Here, the District Court's judgment was not simply based on a finding that Lagueux "substitut[ed] his judgment for [that of his instructors]" in this one instance, but on a myriad of other factors and evidence. *See* App'x 39-40 ("[T]he plaintiff struggled to meet the legitimate expectations of his instructors[,] . . . failed the more difficult course[, and] . . . discounted constructive criticism[,] . . . and [the] statements made by his clinical instructor . . . did not reflect a discriminatory intent."). Any error connected with this factual finding was therefore harmless.

## CONCLUSION

We have reviewed all of the arguments raised by Lagueux on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 31, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court